UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

                      Plaintiff,

      -against-

BRANDEN MIMA,

                      Defendant.

----------------------------------------X

14 Cr. 744(RWS)

SENTENCING
OPINION

```
+---------------------------------+
| USDC SDNY                       |
| DOCUMENT                        |
| ELECTRONICALLY FILED            |
| DOC #: _____           |
| DATE FILED: 1-21-15             |
+---------------------------------+
```

**Sweet, D.J.**

      On November 12, 2014, Branden Mima ("Mima" or
"Defendant") allocuted to criminal conduct as charged before the
Honorable Sarah Netburn.

      For the reasons set forth below, Mima will be
sentenced to 24 months' imprisonment followed by three years'
supervised release, subject to the scheduled sentencing hearing
on January 27, 2015.  Defendant is also required to pay a
special assessment of $100.

**Prior Proceedings**

      Defendant was named in a one-count ("Count One")
indictment (the "Indictment") filed in the Southern District of

New York.  Count One charges that on April 27, 2014, in the Southern District of New York and elsewhere, Mima a/k/a "Branden Jones," a/k/a "Braden Jones," escaped from the custody of the Bronx Residential Center in the Bronx, New York, where he was serving a sentence originally imposed on May 14, 2012, in the Southern District of New York after a conviction for a felony firearms offense.

On November 12, 2014, Mima allocuted to his criminal conduct as charged before the Honorable Sarah Netburn.  In accordance with a Pimentel letter, the position of the United States Attorney's Office is as follows:

a. The Guidelines provisions in effect as of November 1, 2013 apply in this case.

b. The applicable guideline is § 2P1.1(a)(1), which has a base offense level 13.

c. Pursuant to U.S.S.G. § 2P1.1(b)(3), a four-level reduction would be warranted because Defendant escaped from a community corrections center. However, because Defendant, while away from the facility, trafficked in heroin and crack, an offense punishable by a term of imprisonment of one year or more, the reduction is not applicable.

d. Assuming Defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction, pursuant to U.S.S.G. § 3E1.1(a), is warranted.

e. In accordance with the above, the applicable Guidelines offense level is 11.

f. Based upon the information available to the Government, including representations by the defense, Defendant has eleven criminal history points. Therefore, Defendant's Criminal History Category is V.

g. Based upon the calculations set forth above, Defendant's stipulated Guidelines range is 24 to 30 months' imprisonment. In addition, after determining Defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. The applicable fine range is $2,000 to $20,000.

Defendant is scheduled to be sentenced on January 27, 2015.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)  to afford adequate deterrence to criminal conduct;
>
> (C)  to protect the public from further crimes of the defendant; and
>
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)  the kinds of sentences available;
>
> (4)  the kinds of sentence and the sentencing range established for --
>
> > (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5)  any pertinent policy statement . . . [issued by the Sentencing Commission];
>
> (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  <u>See</u> <u>Crosby</u>, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the
Presentence Investigation Report ("PSR") with respect to
Defendant's personal and family history.

**The Offense Conduct**

On May 14, 2012, Judge Vincent L. Bricetti in the
Southern District of New York sentenced Branden Mima, under 11
CR 628-02(VB), to 42 months' imprisonment, to be followed by
three years of supervised release, for conspiring to traffic in
firearms and trafficking in firearms, in violation of 18 U.S.C.
§§ 371, 922(a)(1)(A), and 924(a)(1).

On February 26, 2014, Mima was transferred from the
Federal Correctional Institution in Fort Dix, New Jersey, to the
Bronx Residential Reentry Center ("BRRC") in the Bronx, New
York.  Mima had a projected release date from the BRRC of
August 27, 2014.

On April 27, 2014, BRRC staff conducted a 12:00 p.m.
count of inmates.  Mima could not be located within the BRRC
facility and an emergency count was conducted at 12:30 p.m.  The

count confirmed that Mima was not present at the facility.
Following the second count, Mima was placed on escape status.  A
of April 27, 2014, Mima was still serving his sentence of
imprisonment and was not authorized to leave the BRRC.

On May 15, 2014, an arrest warrant was issued by the
Honorable Debra C. Freeman, in the Southern District of New
York.  In 2014, the Port Jervis police department received
information that Mima was dealing drugs and that he and his
girlfriend resided in a rented room in Port Jervis, New York.
On August 28, 2014, Mima was arrested by the U.S. Marshals.  At
the time of his arrest, Marshals seized from the residence,
approximately 19.5 grams of powdered heroin, 404 glassines of
heroin packaged for sale, and 1.5 grams of crack, packaged for
sale in twists.  Some of the drugs were found in a laundry bag
in a closet.

**The Relevant Statutory Provisions**

The maximum term of imprisonment for Count One is five
years' imprisonment.

The Court may impose a term of supervised release of not more than three years.  18 U.S.C. § 3583(b)(2).

Defendant is ineligible for probation because the applicable guideline range is in Zone D of the Sentencing Table. 18 U.S.C. § 3561(c)(1); Comment to U.S.S.G. § 5B1.1, n. 2.

The maximum fine for Count One is $250,000.  18 U.S.C. § 3571(b).  A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2013 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11.

The guideline for 18 U.S.C. § 751 offenses is found in U.S.S.G. § 2P1.1 of the guidelines, pursuant to which Count One has a base offense level of 13.

The Defendant has demonstrated acceptance of responsibility for the offense.  Accordingly, the offense level is decreased by two levels.  U.S.S.G. § 3E1.1(a).

The Defendant has six known adult convictions. On September 8, 1999, Defendant was sentenced to one year probation in Poughkeepsie City Court in Poughkeepsie, New York for attempted reckless endangerment in the second degree.  Pursuant to U.S.S.G. § 4A1.2(e)(3), this conviction warrants zero criminal history points.

On January 15, 2003, Defendant was sentenced to two years' imprisonment in Dutchess County Court in Poughkeepsie, New York for criminal possession of a loaded firearm in the third degree.  Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants three criminal history points.

On May 30, 2007, Defendant was sentenced to 9 months' imprisonment in Poughkeepsie City Court, Poughkeepsie, New York for criminal contempt in the second degree.  Pursuant to U.S.S.G. §§ 4A1.1(b) and 4A1.2(e)(2), this conviction warrants two criminal history points.

On April 21, 2010, Defendant was sentenced to time served in Yonkers City Court, Criminal Section in Yonkers, New York, for criminal possession of stolen property in the fifth

degree.  Pursuant to U.S.S.G. § 4A1.2(e)(2), this conviction warrants one criminal history point.

On November 15, 2010, Defendant was sentenced to a fine of $50 in Yonkers City Court in Yonkers, New York for unlawful possession of marijuana in the fifth degree.  Pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point.

On May 10, 2012, Defendant was sentenced to 42 months' imprisonment and three years' supervised release in U.S. District Court in the Southern District of New York for Conspiracy to Traffic in Firearms and Trafficking in Firearms. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants three criminal history points.

The criminal convictions above result in a subtotal criminal history score of 10.  Pursuant to U.S.S.G. § 4A1.1(d), because at the time the instant offense was committed Defendant was under a criminal justice sentence, two points are added. Accordingly, Defendant has a total criminal history score of twelve.  Pursuant to the sentencing table in U.S.S.G. Chapter 5, twelve criminal history points establishes a Criminal History Category of V.

Based on a total offense level of 11 and Criminal History Category of V, the guideline range of imprisonment is 24 months to 30 months.  Pursuant to U.S.S.G. § 5G1.3(a), because the instant offense was committed while the defendant was serving a term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

The statutory and guideline range for a term of supervised release is one to three years.  18 U.S.C. § 3583(b)(2); U.S.S.G. § 5D1.2(a)(2).

The Defendant is ineligible for probation.  18 U.S.C. § 3561(c)(1); Comment to U.S.S.G. § 5B1.1, n. 2.

The maximum fine is $250,000. 18 U.S.C. § 3571(b).  In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6).  These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs.  The most recent advisory

from the Administrative Office of the United States Courts,
dated June 24, 2014, provides a daily cost of $80.25, a monthly
cost of $2,440.97, and an annual cost of $29,261.62 for
imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court
also gives due consideration to the remaining factors identified
in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not
greater than necessary," as is required by the Supreme Court's
decision in Booker, 543 U.S. 220, and the Second Circuit's
decision in Crosby, 397 F.3d 103. In light of the Court's
statutory responsibility "to 'impose a sentence sufficient, but
not greater than necessary' to accomplish the goals of
sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007)
(quoting 18 U.S.C. § 3553(a)), and having considered the
Guidelines and all of the factors set forth in § 3553(a), it is
determined that a Guidelines sentence is warranted in the
instant case.

## The Sentence

For the instant offense, Mima shall be sentenced to a term of 24 months' imprisonment, which shall run consecutively to the undischarged term of imprisonment, to be followed by three years' supervised release.

As mandatory conditions of his supervised release, the Defendant shall:

1. Not commit another federal, state, or local crime.

2. Not illegally possess a controlled substance.

3. Not possess a firearm or destructive device.

4. Cooperate in the collection of DNA as directed by the probation officer.

The mandatory drug testing condition is suspended due to imposition of a special condition requiring drug treatment and testing.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

1. Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or

12

alcohol.  The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer.  Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

2. Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation.  Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

3. Defendant shall participate in a vocational or employment training program approved by the Probation Office.

4. Defendant shall provide the probation officer with access to any requested financial information.

5. Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

6. Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant is ineligible for voluntary surrender.  18 U.S.C. § 3143(a)(2).

It is so ordered.

New York, NY
January 21 , 2015

_____
ROBERT W. SWEET
U.S.D.J.